IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:25-cv-151-TFM-MU |
| | ) |
| MOBILE POLICE DEPARTMENT | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 19, 2025, the Magistrate Judge entered a Report and Recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 11. Plaintiff filed her objections on August 22, 2025. *See* Doc. 12. She also filed two documents entitled Motion to Amend Complaint (Docs. 13, 14) which the Court reviewed and considered.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned,

dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Plaintiff Wendy Williams is a familiar *pro se* litigant in this Court. According to Court records, in 2009, Plaintiff filed seven separate lawsuits between January – May 2009. She returned to filing a plethora of lawsuits in 2023. The Court records show twenty separate cases ranging from complaints against media companies (e.g. Fox News Network, WKRG5), Tik Tok, phone companies (T-Mobile, AT&T) and multiple lawsuits against the Mobile Policy Department.

This is also not the first time that Plaintiff has been ordered to file a properly supposed motion to proceed *in forma pauperis* or pay the filing fee. In fact, the undersigned previously adopted a Report and Recommendation under very similar circumstances in another case filed by this plaintiff. *See Williams v. T-Mobile, USA*, Civ. Act. No. 1:24-cv-112-TFM-B (S.D. Ala. 2025), Docs. 8, 9, 10. Plaintiff, instead of complying, simply files amended complaints or an unsupported application. *See Williams v. Mobile Police Department*, Civ. Act. No. 1:25-cv-37-KD-MU (S.D. Ala. 2025); *Williams v. AT&T*, Civ. Act. No. 1:24-cv-92-JB-MU (S.D. Ala. 2024); *see also Williams v. Microsoft*, Civ. Act. No. 1:25-cv-246-KD-B (S.D. Ala.), Doc. 4 (Report and Recommendation entered on September 10, 2025 for failure to comply on filing a motion to proceed without prepayment of fees or having paid the filing fee).

Even more recently, on July 31, 2025, the undersigned entered an injunction which stated:

> 1. Williams is ENJOINED from commencing any further civil actions in this Court unless the complaint or other commencing document is accompanied, at the time of filing, by either the full filing and administrative fees for instituting a civil action — currently $405 but as may be changed from time to time — or by a fully

> completed motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 that is on the Court's prescribed form, available on the Court's website (https://www.alsd.uscourts.gov/filing-without-attorney or on request to the Clerk of Court at no charge.
>
> 2.  The Clerk of Court is directed to not open any new cases for Williams unless she has complied with the directive in paragraph 1. Any filings from Williams that do not so comply shall be held by the Clerk of Court without being made part of the Court record, and all accumulated filings shall be mailed back to her at her last known address on the first business day of each month.
>
> 3.  This filing injunction does not apply to any petition for a writ of habeas corpus Williams may file, nor does it apply to any case she commences through licensed counsel.

*Williams v. Tik Tok, Inc.*, Civ. Act. No. 1:24-cv-130-TFM-N (S.D. Ala. July 31, 2025), Doc. 6.

While the instant case addressed in the Report and Recommendation here pre-dated the Court's injunction, there is no reasonable analysis where Plaintiff is not aware that she must complete a properly supported application to proceed *in forma pauperis*. In her objection to the Report and Recommendation (Doc. 12) she merely states: "This motion is directed to a clear understanding of sign proceed without prepayment of fees. I have never stated I have one son. I have two sons. One Navy and One Army. I have never said I never worked. I worked all my life. I object to any order that states this or said this. I even have worked for free." Yet the Magistrate Judge is correct that she did not complete the employment section, states she has no income, but does indicate property valued at $1,527,672.00, has no cash in banks, has no expenses, has a tax debt, and "I have more than enough" to pay for basic living needs. *See* Doc. 7 at 2-3. She reiterates this objection in her first motion to amend dated August 22, 2025. *See* Doc. 13 at 2. She also makes some indecipherable comment that "the amount of 405.00 that you are requesting I [illegible] pay or may payments." *Id*. Yet no payment has been made in this case – nor can the Court find a payment made in any of her other open cases.

Having reviewed her application to proceed without prepayment of fees in <u>this</u> case, the

Court finds that the Magistrate Judge is correct in his Report and Recommendation that she has sufficient assets to pay the filing fees in this lawsuit. The Court finds no error in the Magistrate Judge's analysis and finds that Williams has been given plenty of opportunities to comply – not only in this case – but almost all her other cases filed this year. Frankly, enough is enough with regard to the drain on judicial resources dealing the various attempts to get Williams to comply with the most basic issues in the initiation of her lawsuits. Given her propensity to file *pro se* cases with this same problem over and over, the undersigned finds it appropriate to send a copy of this opinion to the judges assigned to the other cases filed by Plaintiff in this district to bring this to their attention.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court and this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders. Any pending motions are **DENIED as moot**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 19th day of September, 2025.

> /s/Terry F. Moorer
> TERRY F. MOORER
> UNITED STATES DISTRICT JUDGE